Matthew S. Parmet (CSB # 296742)
matt@parmet.law
PARMET PC
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone  713 999 5228
fax      713 999 1187

*Counsel for Plaintiffs and Putative Class Members*

Don J. Foty (TX Bar No. 24050022)*
David W. Hodges (TX Bar No. 00796765)*
Hodges & Foty, LLP
4409 Montrose Blvd, Suite 200
Houston, Texas 77006
Phone: (713) 523-0001
Fax:    (713) 523-1116
Email: dfoty@hftrialfirm.com
Email : dhodges@hftrialfirm.com

(*Admitted *pro hac vice*)

*Counsel for Plaintiffs and Putative Class Members*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| **HEATHER BOONE and ROXANNE RIVERA, on Behalf of Themselves and All Others Similarly Situated** §<br>§<br>§<br>§ | **CIVIL ACTION NO. 1:21-cv-00241-DAD-BAM** |
| **Plaintiffs,** §<br>§ | |
| **V.** §<br>§ | **CLASS AND COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF** |
| **AMAZON.COM SERVICES, LLC,** §<br>§ | |
| **Defendant.** §<br>§<br>§<br>§ | 1. **Failure to Pay All Wages (Violation of Cal. Labor Code §§ 204, 1194, 1194.2, 1197, 1197.1, 1198)** |
| §<br>§<br>§ | 2. **Failure to Pay Overtime (Violation of California Labor Code §§ 510, 558, 1194; and IWC Wage Order 4-2001)** |
| §<br>§<br>§ | 3. **Failure to Provide Itemized Wage Statements (Cal. Labor Code § 226)** |

Case No. 1:21-cv-00241-DAD-BAM

§
§
§
§
§
§
§
§
§

4. **Failure to Provide Wages Upon Separation of Employment (Cal. Labor Code §§ 201-203)**

5. **Unfair Competition (Violation of Cal. Business and Professions Code, § 17200, *et seq.*)**

6. **Failure to Pay Overtime (Violation of Fair Labor Standards Act, 29 U.S.C. § 207)**

## PLAINTIFFS' FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

### I.   INTRODUCTION

1.      This is a collective and class action lawsuit brought by Plaintiffs Heather Boone and Roxanne Rivera ("Plaintiffs") on behalf of themselves and all others similarly situated. Defendant Amazon.com Services, LLC ("Amazon") implemented an illegal policy requiring its non-exempt workers to undergo a COVID-19 screening each shift without pay.  This physical and medical examination constitutes compensable time that was worked by the Plaintiffs and Class Members.  By failing to pay for this time worked, Amazon has violated California and Federal law.  In addition to the Plaintiffs, Amazon has failed to pay for the time spent undergoing COVID-19 screenings by thousands of other workers nationwide.

2.      Amazon's conduct violates the state laws of California because Amazon failed to pay for all hours worked by its employees, failed to pay overtime wages, and failed to provide itemized wage statements as required by the California Labor Code and California Industrial Wage Commission Wage Orders.  Plaintiffs bring this lawsuit as a Rule 23 Class Action under California law.  Members of the Class Action are referred to as "California Class Members."

3.      Amazon's conduct also violates the Fair Labor Standards Act ("FLSA"), which requires non-exempt employees to be compensated for all hours worked in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).  On behalf of themselves and all others similarly situated employees, Plaintiff brings this action as a collective

action under the FLSA, 29 U.S.C. § 216(b).  Members of the collective action are referred to hereinafter as the "FLSA Class Members."

## II.    JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq.* The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

5.    Venue is proper in the Eastern District of California because a substantial portion of the events forming the basis of this suit occurred in the Eastern District of California.  Plaintiffs worked in the Eastern District of California and were denied wages in this district.

6.    Plaintiff Boone works and lives in Fresno County, California.  Thus, a substantial part of the events or omission which give rise to the claims occurred in Fresno County and this action is properly assigned to the Fresno Division of the Eastern District of California.

7.    Amazon is subject to personal jurisdiction before this Court because it has purposefully availed itself of the privileges of conducting activities in the state of California and established minimum contacts sufficient to confer jurisdiction.  Amazon does business in California, advertises in California, markets to California consumers, and the violations of the law forming the basis of this lawsuit occurred in California.  Further, Amazon maintain offices in California and employs California residents.  Therefore, the assumption of jurisdiction over Amazon will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.  Amazon also had and continues to have continuous and systematic contacts with the State of California sufficient to establish general jurisdiction over it.

8.    This Court is empowered to issue a declaratory judgment and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.    PARTIES AND PERSONAL JURISDICTION

9.    Plaintiff Heather Boone is an individual residing in Kerman, California.  Plaintiff's written consent to this action was previously filed with the Court.

Case No. 1:21-cv-00241-DAD-BAM

10.      Plaintiff Roxanne Rivera is an individual residing in Atwater, California.  Plaintiff's written consent to this action was previously filed with the Court.

11.      The "FLSA Class Members" are all current and former hourly paid employees of Amazon who underwent a COVID-19 screening during at least one week in the three-year period before the filing of this Complaint to the present.

12.      The "California Class Members" are all current and former hourly paid employees of Amazon who underwent a COVID-19 screening during at least one week in California in the four-year period before the filing of this Complaint to the present.

13.      The FLSA Class Members and California Class Members shall be collectively referred to as "Class Members."

14.      Defendant Amazon.com Services, LLC is a Delaware limited liability company that does business in California.  Amazon was previously served and has made an appearance in the case.

15.      At all material times, Amazon was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiffs and the Class Members.

16.      At all material times, Amazon has been governed by and subject to the FLSA, 29 U.S.C. § 207.

17.      At all material times, Amazon has been an employer within the meaning of section 3(d) of the FLSA.  29 U.S.C. § 203(d).

18.      At all material times, Amazon has been an enterprise within the meaning of section 3(r) of the FLSA.  29 U.S.C. § 203(r).

19.      At all material times, Amazon has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Amazon has had and continues to have employees engaged in commerce.  29 U.S.C. § 203(s)(1).

20.      At all material times, the unlawful conduct against Plaintiffs and the Class Members as described in this Complaint was actuated, in whole or in part, by a purpose to serve Amazon. At all relevant times, the unlawful conduct described in this Complaint was reasonably foreseeable

Case No. 1:21-cv-00241-DAD-BAM

by Amazon and committed under actual or apparent authority granted by Amazon such that all unlawful conduct is legally attributable to Amazon.

21.    At all material times, Amazon has had an annual gross business volume of not less than $500,000.

## IV.    FACTS

22.    The novel Coronavius has infected nearly 27,000,000 Americans and caused the deaths of approximately 500,000 Americans. (*See* https://coronavirus.jhu.edu/map.html, last visited February 8, 2021.   Following the outbreak of the Coronavirus, Amazon implemented a company-wide policy requiring each of its hourly, non-exempt employees to undergo a physical and medical examination to check for symptoms of the Coronavirus each shift.  This examination was imposed by Amazon as a requirement to work each shift.  The examination was conducted on the premises of Amazon, was required by Amazon, and was necessary for each employee to perform his/her work for Amazon.  Unfortunately, Amazon refused to pay for this time.  Amazon's conduct violates both California law and the FLSA.  This illegal conduct continues to this day.

23.    Amazon operates fulfillment centers across California and across the country.  The Amazon Fulfillment Centers are large warehouses that operate 24 hours per day.  The fulfillment centers are the warehouses where Amazon stores the packages that are delivered to customers. Hundreds of Amazon employees work at each of these centers across the US.

24.    Plaintiff Boone worked for Amazon as an hourly, non-exempt employee at the Amazon facility in Fresno, California.  She worked as a fulfillment center associate.  Her hourly rate was approximately $15.45 per hour.  Her job duties included gathering packages from the Amazon warehouse, scanning them, placing them in boxes, and labelling the items.  She started with Amazon in June 2018 and stopped working in July 2020.  She normally worked four days per week and her normal shift was eight to ten hours on average.  Specifically, she was normally required to work Monday, Tuesday, Thursday, Friday from 7:45 am to 5:45 pm. There were weeks when she was required to work mandatory overtime of over 40 hours per week.  For example, during the first and second weeks of May 2020, she worked overtime.  She worked with hundreds of other Amazon workers.

25.     Plaintiff Rivera worked for Amazon as an hourly, non-exempt employee.  She worked at the fulfillment centers for Amazon in Patterson, California and Tracy, California.  Her hourly rate was approximately $15.25 per hour and her job position was fulfillment center associate.  Her job duties at the Tracy location included gathering items from the shelves in the warehouses and putting the items in carts.  At the Patterson location, her job duties included gathering items and placing them in the right location in the warehouse.  She worked for Amazon at the Patterson location from November 2018 to January 2019.  She worked for Amazon at the Tracy location from May 2020 to October 2020. Her normal schedule was approximately 6 pm to 5 am and she worked a rotation that was four days straight followed by three days off.  Under this schedule, she worked a rotation where she was required to work mandatory overtime of over 40 hours per week. She worked with hundreds of other Amazon workers.

**COVID-19 SCREENING**

26.     As hourly, non-exempt employees, Plaintiffs were required to clock-in and clock-out each day.  Unfortunately, Amazon did not pay for all hours that they worked.  Prior to clocking in each day, Plaintiffs were required to undergo a physical and medical examination to screen for COVID-19.

27.     Amazon requires its employees to arrive at its fulfillment centers prior to the start of their scheduled shifts.  However, when employees of Amazon arrive, they are not allowed to clock-in for the day until they pass a physical and medical examination to screen for symptoms of COVID-19.

28.     Amazon employed two processes to perform the physical and medical examination.  For example, at the Tracy location, the Amazon employee will approach a security booth.  At this checkpoint, the Amazon employee swipes his/her employee badge to confirm that he/she is an active employee of Amazon.  The employee is then asked a series of questions such as (1) whether he/she has been exposed to others who have COVID-19, (2) whether he/she currently has symptoms of COVID-19, such as a runny nose or shortness of breath, and (3) whether he/she has a face mask to wear.  If the employee does not have a face mask, the employee is provided a face mask at this time.

29.     If the employee successfully clears this first examination, the employee then walks to a second checkpoint.  At the second checkpoint, the employee is subject to a body temperature scan to determine whether the employee has a fever.  If the employee passes this second medical examination, the employee is then allowed to walk to the time clock to clock-in for the day.

30.     The second method that Amazon used did not involve the use of a body scanner. For example, at the Fresno location, the Amazon employees were required to form a line in the entrance to the facility.  Then the Amazon employees were called one by one to a checkpoint where the COVID-19 screening took place.   The screening process involves another employee of Amazon taking the temperature of each employee whose shift is about to start and asking a series of questions related to their health condition, such as whether they had trouble breathing, were coughing, had a runny nose, chest pain, and other questions regarding their health.  They were also asked questions such as (1) whether the employee has travelled recently, (2) whether the employee was exposed to someone with COVID-19, and (3) other similar questions.  If the employee passes the examination, he/she is then given a mask to wear.  After putting on the mask, the employee walks to the next station where the employee is allowed to clock-in for the day.

31.     If an employee does not initially pass the physical and medical examination, that employee is moved to another section where a second examination occurs.  The employee is then asked a series of follow-up questions to identify whether the worker currently has symptoms of COVID-19 and poses a potential health hazard to the store.  If the employee passes the second examination, the employee is then given a face mask and is allowed to clock-in for the day.  If not, the employee is not permitted to work that day.

32.     The amount of time it takes to undergo the COVID-19 examination is approximately 10 minutes to 15 minutes on average.  This amount of time could be longer depending upon the number of other Amazon employees in line for the COVID-19 screening.

33.     This COVID-19 screening should have been paid by Amazon because it constitutes compensable time worked.  During this time, Plaintiffs and the Class Members were subject to the control of Amazon.

34.     Plaintiffs and the Class Members were required to follow Amazon's instructions while awaiting and during the COVID-19 screening.  Amazon required every employee to complete the COVID-19 screening and it was not optional.  Indeed, the COVID-19 screening was required by Amazon and its employees must comply under threat of discipline, including possible termination.

35.     Additionally, the Plaintiffs and Class Members were confined to the premises of Amazon when they waited for and during the examination.

36.     Moreover, Amazon compels its employees to perform specific tasks during the examination.  They must answer questions, submit to have their temperature taken, and wear masks.

37.     In other words, Amazon directs, commands, and restrains its employees during the COVID-19 examination; prevents them from using that time effectively for their own purposes; and they remain subject to Amazon's control during the examination.

38.     Under California law, the time spent undergoing the COVID-19 screening is compensable time that should have been paid by Amazon. *See Frlekin v. Apple, Inc.*, 8 Cal. 5th 1038, 457 P.3d 526 (Cal. 2020).

39.     Likewise, under the FLSA, the time spent undergoing the COVID-19 screening is compensable time that should have been paid by Amazon. The COVID-19 screenings were required by Amazon and Plaintiffs and the Class Members were told in advance the time they were required to be at the Amazon facilities.

40.     The COVID-19 screenings were also necessary to the principal work performed by the Plaintiffs and Class Members and were necessary to ensure a safe workplace.  The COVID-19 examinations were also undertaken on Amazon's premises, were controlled and required by Amazon, and undertaken primarily for the benefit of Amazon.

41.     Indeed, Amazon required the Plaintiffs and Class Members to undergo this screening for the purposes of overall safety in the Amazon facilities and to prevent the Plaintiffs and Class Members from inadvertently or unintentionally infecting the Amazon facilities or Amazon products, and in turn, Amazon's customers.  Likewise, the job duty of the Plaintiffs and

Case No. 1:21-cv-00241-DAD-BAM

Class Members was to serve the customers of Amazon and the screening was necessary to ensure that the Plaintiffs and Class Members safely provided that service.

42.     The COVID-19 examinations were necessary to ensure that the virus did not infect the Amazon facilities or customers.  The examinations were also necessary to ensure that the virus did not disrupt the work performed by the Plaintiffs and Class Members or affect the business operations of Amazon.  If Amazon did not have the COVID-19 screening, workers could inadvertently or unintentionally bring the virus into the Amazon facilities causing a mass breakout of the virus infecting hundreds to thousands of other workers of Amazon.

43.     The COVID-19 screenings were integral and indispensable to the principal activity and primary job duty performed by the Plaintiffs and Class Members, which was to serve and assist Amazon customers.  The COVID-19 screenings were necessary for the Plaintiffs and Class Members to perform their primary job duty for Amazon.  If Amazon cancelled the COVID-19 screening, the Amazon stores could get contaminated with virus, the items that Amazon sold could get contaminated with the virus, the customers could get infected, and other employees of Amazon could get infected.  In that event, Amazon's business would be disrupted and the Plaintiffs and Class Members would not be able to do their work.  Therefore, the COVID-19 screenings were necessary to ensure that the Plaintiffs and Class Members could do their jobs for Amazon.

44.     The Department of Labor has issued regulations stating that physical and health examinations, like the COVID-19 examination, constitutes time that should be paid for by employers. *See* 29 CFR § 785.43.

> In an opinion letter, the Department of Labor has further stated as follows:
> Time spent undergoing a physical examination is time during which the employee's freedom of movement is restricted for the purpose of serving the employer and time during which the employee is subject to the employer's discretion and control. It is immaterial whether the time spent in undergoing the required physical examination is during the employee's normal working hours or during nonworking hours. The physical examination is an essential requirement of the job and thus primarily for the benefit of the employer. **Therefore, it is our opinion that the time so spent must be counted as hours worked under the FLSA.**

DOL Wage and Hour Opinion Letter, January 26, 1998 (emphasis added).

45.     Thus, Amazon has violated both California and federal law by failing to pay for the time spent undergoing the COVID-19 examinations.

46.     In light of Amazon's conduct, the Plaintiffs and Class Members are owed significant unpaid wages.

47.     The Plaintiffs and Class Members were non-exempt employees.

48.     The Plaintiffs and Class Members were paid on an hourly rate basis.

49.     When they worked more than eight hours in a day or forty hours in a workweek, they were entitled to overtime pay.

50.     The COVID-19 screenings identified above were not incidental activities for the Plaintiffs and Class Members, but instead, this time was integral and indispensable to their principal activity and is compensable.

51.     Although Amazon employed electronic "clocking in" technology, this technology was not made accessible to Plaintiffs and the Class Members before the COVID-19 screening.

52.     As a result of Amazon's company-wide policies, Plaintiffs and the Class Members were not paid for all time worked each day and are owed significant unpaid wages.

53.     Amazon's method of paying Plaintiffs and the Class Members in violation of the FLSA and California law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Amazon knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

## CALIFORNIA CLASS ALLEGATIONS

54.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Class, which is comprised of:

> **All current and former hourly paid employees of Amazon who underwent a COVID-19 screening during at least one week in California in the four-year period before the filing of this Complaint to the present.**

55.     Numerosity.  The number of members in the California Class is believed to exceed forty and in fact, is likely to be in the thousands.  This volume makes bringing the claims of each

individual member of the class before this Court impracticable.  Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable.  Furthermore, the identity of the members of the California Class will be determined from Amazon's records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the California Class and Amazon.

56.    Typicality.  Plaintiffs' claims are typical of the California Class because like the members of the California Class, Plaintiffs were subject to Amazon's uniform policies and practices and were compensated in the same manner as others in the California Class.  Amazon failed to pay the California Class Members for all hours they worked.  Additionally, members of the California Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as non-exempt employees.  Moreover, the California Class Members each received wage statements that failed to comply with California law.  Thus, Plaintiffs and the California Class have been uncompensated and/or under-compensated as a result of Amazon's common policies and practices which failed to comply with California law.  As such, Plaintiffs' claims are typical of the claims of the California Class.  Plaintiffs and all members of the California Class sustained damages arising out of and caused by Amazon's common course of conduct in violation of law as alleged herein.

57.    Adequacy.  Plaintiffs are representative parties who will fairly and adequately protect the interests of the California Class because it is in their interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law.  Plaintiffs have retained attorneys who are competent in both class actions and wage and hour litigation.  Plaintiffs do not have any interest which may be contrary to or in conflict with the claims of the California Class they seek to represent.

58.    Commonality.  Common issues of fact and law predominate over any individual questions in this matter.  The common issues of fact and law include, but are not limited to:

    a.    Whether Plaintiffs and the California Class are entitled to compensation for the time spent in the COVID-19 screening;

Case No. 1:21-cv-00241-DAD-BAM

b.  The amount of time spent in the COVID-19 screening;

c.  Whether Plaintiffs and the California Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

d.  Whether Amazon failed to pay Plaintiffs and the California Class wages for all hours worked;

e.  Whether Amazon failed to keep accurate records of employees' hours of work, hourly wages, and hourly rates, and failed to timely furnish each Class Member with a statement accurately showing the total number of hours worked, hourly rates, and wages earned each pay period;

f.  Whether Amazon failed to timely pay employees unpaid wages and overtime due upon their separation from employment with Amazon;

a.  Whether Plaintiffs and the California Class are entitled to compensatory damages;

b.  The proper measure of damages sustained by Plaintiffs and the California Class; and

c.  Whether Amazon's actions were "willful."

59.  <u>Superiority</u>.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any member of the California Class could afford to pursue individual litigation against a company the size of Amazon, doing so would unduly burden the court system.  Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits.  Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Amazon.

60.  A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual California Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency.  Notice of the pendency and any resolution of this action can be provided to the California Class by mail,

electronic mail, text message, print, broadcast, internet and/or multimedia publication.   The identity of members of the California Class is readily identifiable from Amazon's records.

61.     This type of case is well-suited for class action treatment because: (1) Amazon's practices, policies, and/or procedures were uniform; (2) the burden is on Amazon to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Amazon to accurately record hours worked by employees.   Ultimately, a class action is a superior form to resolve the California claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Amazon to pay Plaintiffs and the California Class per applicable California laws.

## V.     **COLLECTIVE ACTION ALLEGATIONS**

62.     Plaintiffs have actual knowledge that the FLSA Class Members have also been denied pay for hours worked over forty (40) per workweek.   Plaintiffs worked with and communicated with other hourly, non-exempt employees and as such, have personal knowledge of their existence, status as Amazon's employees, pay structure, and the overtime violations.

63.     Amazon has employed numerous other employees throughout the US during the last three years, who were paid on an hourly basis, were classified as not exempt from overtime, and who underwent the COVID-19 medical screening without pay.

64.     As such, the "FLSA Class" is properly defined as follows:

> **All current and former hourly paid employees of Amazon who underwent a COVID-19 screening during at least one week in the three-year period before the filing of this Complaint to the present.**

65.     Although Amazon permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Amazon has denied them compensation for their hours worked over forty (40).

66.     Plaintiffs are representatives of the FLSA Class Members in that they were classified as non-exempt from overtime, were paid on an hourly basis and underwent the COVID-

19 screening without pay.  Plaintiffs are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

67.   FLSA Class Members were classified as non-exempt.

68.   FLSA Class Members were paid on an hourly basis.

69.   FLSA Class Members underwent the COVID-19 screening.

70.   FLSA Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

71.   FLSA Class members were not paid for the time spent in the COVID-19 screening.

72.   The policy of failing to pay for the time spent in the COVID-19 screening is universal across the defined FLSA Class and forms the basis of the overtime violation.

73.   FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

74.   As such, FLSA Class Members are similar to the Plaintiffs in terms of pay structure and/or the denial of overtime.

75.   Amazon's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

76.   The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the FLSA Class Members.

77.   The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

78.   All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation at the rate of time and a half for hours worked in excess of forty (40) during a workweek.

79.   Although the exact amount of damages may vary among FLSA Class Members, the damages for can be easily calculated by a simple formula.  The claims of all FLSA Class Members arise from a common nucleus of facts.   Liability is based on a systematic course of wrongful conduct by the Amazon that caused harm to all FLSA Class Members.

80.     The similarly situated FLSA Class Members are known to Amazon, are readily identifiable, and can be located through Amazon's records.  They should be notified and allowed to opt into this action pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages and/or prejudgment interest, and attorneys' fees and costs.

81.     Unless the Court promptly issues such notice, the numerous similarly situated workers nationwide will be unable to secure unpaid overtime pay, which has been unlawfully withheld by Amazon.

## VI.     CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**Failure to Pay for All Hours Worked**

**(Violation of Cal. Labor Code §§ 204, 1194, 1194.2, 1197, 1197.1, 1198)**

**On Behalf of Plaintiffs and the California Class**

82.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

83.     At all relevant times, Amazon was required to compensate its hourly, non-exempt employees for all hours worked pursuant to the Industrial Welfare Commission Orders and California Labor Code sections 204, 1194, 1194.2, 1197, 1197.1, 1198.

84.     Specifically, California law requires employers to pay their employees a minimum wage for all hours worked, which is defined as the "time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *See Frlekin v. Apple, Inc.*, 8 Cal. 5th 1038, 457 P.3d 526 (Cal. 2020).  Section 4 of the applicable Industrial Welfare Commission Order requires Amazon to pay non-exempt employees at least at the minimum wage set forth therein for all hours worked, which consist of all hours that an employer has actual or constructive knowledge that employees are working.

85.     Amazon failed to compensate the Plaintiffs and the California Class Members for all hours that they worked.  As noted above, the Plaintiffs and California Class Members were not paid for the time they spent in the COVID-19 screenings. As a result, Plaintiffs and Class Members

Case No. 1:21-cv-00241-DAD-BAM

are entitled to compensation for all hours worked, but not paid, during the statutory period covered by this lawsuit. The Plaintiffs and Class Members are also entitled to reasonable attorneys' fees, interest, and costs of suit.

86.     The California Class Members, including Plaintiffs, have been deprived of their rightfully earned wages as a direct and proximate result of Amazon's company-wide policies and practices.

87.     Amazon has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the California Class for all wages earned and all hours worked, in violation of California law. As a direct result, Plaintiffs and the California Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages.

88.     Amazon regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by the California Labor Code §§ 226 and 1174, with respect to the Plaintiffs and Class Members. Through this unlawful course of conduct, Amazon has deprived and continues to deprive Plaintiffs and the California Class Members of records necessary to calculate with precision the compensation due to them.

## SECOND CLAIM FOR RELIEF

### Failure to Pay Overtime

### (Wage Order No. 4-2001; California Labor Code §§ 510, 558, 1194)

### On Behalf of Plaintiffs and the California Class

89.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

90.     At all relevant times, Amazon was required to compensate its non-exempt employees for all hours worked. Amazon was also required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked more than eight (8) hours per day or forty (40) hours per workweek, and double-time for hours worked more than twelve (12) hours per day. Amazon was also required to pay one-and-a-half times the regular rate for the first eight (8) hours worked on the seventh day of a workweek.

91.     At all relevant times, Amazon operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay

Plaintiffs and the California Class Members for overtime at the rates required by California Labor Code § 510 and Wage Order No. 4-2001.

92.     Amazon knew or clearly should have known that Plaintiffs and the California Class Members were entitled to compensation for the time they spent in the COVID-19 screenings.

93.     Amazon routinely required Plaintiffs and the California Class Members to work more than eight (8) hours per day or forty (40) hours per workweek.  Despite the provisions of California's overtime law, Amazon has willfully failed and refused to pay the California Class, including Plaintiffs, overtime wages during the statutory period covered by this lawsuit.

94.     The California Class Members, including Plaintiffs, have been deprived of their rightfully earned overtime wages as a direct and proximate result of Amazon's company-wide policies and procedures.

95.     Amazon regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by the California Labor Code §§ 226 and 1174, with respect to the Plaintiffs and Class Members.  Through this unlawful course of conduct, Amazon has deprived and continues to deprive Plaintiffs and the California Class Members of records necessary to calculate with precision the overtime compensation due to them.

96.     Amazon's conduct violates California Labor Code §§ 510 and 1194.  Therefore, pursuant to California Labor Code § 1194, the California Class, including Plaintiff, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amounts pursuant to California Labor Code § 1194, plus reasonable attorneys' fees, interest, and costs of suit, and the relief requested below in the Prayer for Relief.

### THIRD CLAIM FOR RELIEF

**Failure to Furnish Wage Statements**

**(California Labor Code §§ 226)**

**On Behalf of Plaintiffs and the California Class**

97.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

98.     Amazon knowingly and intentionally failed to furnish and continues to fail to furnish Plaintiffs and each California Class Member with timely, itemized wage statements that accurately reflect – among other things – the total number of hours worked, hourly rates, and wages earned, as mandated by the California Labor Code § 226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked, correct hourly rates, and wages due.

99.     As a result, Amazon is liable to Plaintiffs and each of the California Class Members for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

100.     Plaintiffs and the California Class are also entitled to reasonable attorneys' fees, interest, and costs pursuant to California Labor Code § 226(e).

### FOURTH CLAIM FOR RELIEF

**Failure to Pay All Wages Upon Separation from Employment**

**(California Labor Code §§ 201, 202, 203, 218)**

**On Behalf of Plaintiffs and the California Class**

101.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

102.     California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

103.     Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's

compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

104.    During all relevant times, Amazon knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiffs and members of the California Class who are no longer employed by Amazon all wages owed as alleged herein.  Amazon is therefore liable to Plaintiffs and members of the California Class who are no longer employed by Amazon for waiting time penalties as required by California Labor Code §§ 203 and 218.

105.    Plaintiffs, on behalf of themselves and on behalf of the members of the California Class who are no longer employed by Amazon, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

## FIFTH CLAIM FOR RELIEF

### Unlawful and/or Unfair Competition Law Violations

### (California Business & Professions Code §§ 17200-17208.)

### On Behalf of Plaintiffs and the California Class

106.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

107.    California Business & Professions Code § 17200 *et seq.* prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

108.    Plaintiffs bring this cause of action on behalf of themselves and as a representative of all others subject to Amazon's unlawful acts and practices.

109.    During all relevant times, Amazon committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200.  Amazon's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay for all hours worked, failing to pay all overtime wages, failing to provide itemized wage statements, and failing to pay all wages upon termination in violation of California law, as described throughout this Complaint.

110.    As a result of this unlawful and/or unfair and/or fraudulent business practice, Amazon reaped unfair benefits and illegal profits at the expense of Plaintiffs and the California Class.  Amazon must disgorge these ill-gotten gains and restore to Plaintiffs and the California

Class all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation, interest on these wages, and all other injunctive and preventive relief authorized by Business and Professions Code §§ 17202 and 17203.

111.  Plaintiffs, on behalf of themselves and the members of the California Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

<u>**SIXTH CLAIM FOR RELIEF**</u>

**Failure to Pay Overtime**

**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**

**On Behalf of Plaintiffs and the FLSA Collective Class**

112.  Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

113.  At all relevant times, Amazon has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Amazon has employed and continues to employ, employees, including Plaintiffs and the FLSA Class Members, as defined by the FLSA. At all relevant times Amazon has had gross operating revenues in excess of $500,000.

114.  The FLSA requires each covered employer, such as Amazon, to compensate all non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

115.  Plaintiffs and the FLSA Class Members were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

116.  At all relevant times, Amazon required and/or permitted Plaintiffs and the FLSA Class Members to work in excess of forty (40) hours per workweek.  Despite the hours worked by them, Amazon willfully, in bad faith, and knowingly violated the FLSA, failed and refused to pay Plaintiffs and the FLSA Class Members the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek.  Plaintiffs and the Class Members were not paid the full amount of overtime wages due under the FLSA as a result of Amazon's failure and

Case No. 1:21-cv-00241-DAD-BAM

refusal to classify the time spent in the COVID-19 screening as compensable time. Plaintiffs and the Class Members were also not paid the full amount of overtime wages due under the FLSA as a result of Amazon's failure and refusal to include all remuneration in the calculation of the regular rate of pay for purposes of paying overtime wages.  By failing to compensate Plaintiffs and the FLSA Class Members at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Amazon has violated the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a).

117.   Plaintiffs and the FLSA Class Members seek recovery of their damages, unpaid wages, unpaid overtime pay, liquidated damages, attorney's fees, costs and expenses.

118.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## JURY DEMAND

119.   Plaintiffs hereby demand trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and the Class Members, pray that the Court:

1.  Allow Plaintiffs to give notice of this collective action, or that the Court issue such notice, to the FLSA Class Members as defined herein so that such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join the FLSA collective suit if they believe they were denied unpaid wages;

2.  Certify that this action may proceed as a collective action under 29 U.S.C. § 216(b) and class action under Fed. R. Civ. P. 23;

3.  Find that Amazon's policies and/or practices described above violate the FLSA and California Law;

4.  Award damages, liquidated damages, restitution, and/or statutory penalties to be paid by Amazon for the causes of action alleged herein;

5.  Award interest, costs, and expenses, including reasonable attorneys' fees and expert fees; and

6.  Order such other and further legal and equitable relief the Court deems just, necessary and

proper.

PARMET PC

By:  */s/ Matthew S. Parmet*
     Matthew S. Parmet - CSB # 296742
     matt@parmet.law
     PARMET PC
     340 S. Lemon Ave., #1228
     Walnut, CA 91789
     phone  713 999 5228
     fax      713 999 1187

     AND

HODGES & FOTY, L.L.P.

     Don J. Foty
     (Admitted *pro hac vice*)
     dfoty@hftrialfirm.com
     David W. Hodges
     (Admitted *pro hac vice*)
     dhodges@hftrialfirm.com
     4409 Montrose Blvd, Ste. 200
     Houston, TX 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

     *Counsel for Plaintiffs and Putative Class*
     *Member*