UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER BOONE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>    Defendant. | **LEAD CASE NO. 1:21-CV-00241-ADA-BAM**<br><br>Member Case No.: 1:22-CV-00146-ADA-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL UNDER RULE 23(G)**<br><br>(Doc. 62) |

## I.   INTRODUCTION

Before the Court is the unopposed motion of Plaintiffs Heather Boone and Roxanne Rivera ("Plaintiffs") for appointment of interim class counsel under Federal Rule of Civil Procedure 23(g). (Doc. 62.) For the reasons set forth below, the undersigned RECOMMENDS that Plaintiffs' motion be GRANTED.

## II.   BACKGROUND

On February 23, 2021, Plaintiffs filed this class and collective action, individually and on behalf of all others similarly situated, alleging that Defendant implemented an unlawful policy

1

requiring its non-exempt, hourly workers to undergo a COVID-19 screening each shift without pay. (Doc. 1 ¶ 1.) Plaintiffs assert that these COVID-19 screenings constitute compensable time under both the Fair Labor Standards Act and the California Labor Code, and that, by failing to pay overtime wages for time spent in the screenings, Defendant violated California and federal law. (*Id*. ¶¶ 1–3.)

Plaintiffs filed their motion for appointment of interim counsel on March 10, 2023. (Doc. 62.) Defendant filed its notice of non-opposition to Plaintiffs' motion on March 13, 2023. (Doc. 63.) The hearing set for April 14, 2023, on the instant motion was vacated by the undersigned and the matter was taken under submission. (Doc. 64.) The Court additionally ordered Plaintiffs to provide notice of the motion to the counsel in the related matter *Barrera v. Amazon.com Services LLC et al*. (Docket No. 1:22-cv-00146-ADA-BAM). (*Id.*)

On May 1, 2023, the parties filed a stipulation to consolidate the *Boone et al. v. Amazon Services LLC* action (Docket No. 1:21-cv-00241-ADA-BAM) with the *Barrera v. Amazon.com Services LLC et al*. action. (Docket No. 1:22-cv-00146-ADA-BAM). (Doc. 68.) The cases were consolidated on May 8, 2023. (Doc. 70.) On May 11, 2023, the Court convened a Status Conference, at which Plaintiff Barrera's counsel informed the Court that they were in agreement with Plaintiffs Boone and Rivera's counsel and did not oppose the Motion to Appoint Interim Counsel. (*See* Doc. 72.)

### III. LEGAL STANDARD

Rule 23(g)(3) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Designation of interim counsel "'clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.'" *Olosoni v. HRB Tax Grp., Inc.*, No. 19-cv-03610-SK, 2019 WL 7576680, at *5 (N.D. Cal. Nov. 5, 2019). In determining whether to appoint class counsel, the Court considers the following factors outlined in Rule 23(g)(1)(A): (i) "the work counsel has done in identifying or investigating potential claims in the action;" (ii) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (iii) "counsel's knowledge of the applicable law;" and (iv) "the resources that counsel will

commit to representing the class." The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); see also Fed. R. Civ. P. 23(g)(4) (class counsel must "fairly and adequately represent the interests of the class.").

## IV.   DISCUSSION

The undersigned has reviewed Plaintiffs' unopposed motion for appointment of interim class counsel and uncontested supporting documentation, including the declarations by Plaintiffs' attorneys Don Foty, David Hodges, and William Hogg (see Doc. 62-2 ("Foty Decl"); Doc. 62-3 ("Hodges Decl."); Doc. 62-4 ("Hogg Decl.")), and finds that designation of Hodges & Foty, LLP as interim class counsel in this case is appropriate.

In reviewing the Rule 23(g)(1)(A) factors, first, Hodges & Foty, LLP has done significant work identifying and investigating the claims at issue here. *See, e.g.*, *Haro v. Walmart, Inc.*, No. 1:21-cv-00239-ADA-SKO, 2023 WL 2242158, at *2 (E.D. Cal. Feb. 27, 2023) (finding significant work was done where plaintiffs' counsel served and responded to discovery, engaged in depositions, and filed a motion for class certification with supporting expert and employee declarations); *Razo v. AT&T Mobility Serv., LLC*, No. 1:20-cv-00172-NONE-HBK, 2021 WL 4847834, at *6 (E.D. Cal. Oct. 15, 2021), report and recommendation adopted, No. 1:20-cv-00172 NONE HBK, 2021 WL 4988866 (E.D. Cal. Oct. 27, 2021) (finding that "significant work identifying" and investigating claims at issue was done where the firm had investigated the claims, framed and amended the complaint, opposed a motion to dismiss or stay, and actively engaged in discovery prior to moving for class certification); *Melgar v. Zicam, LLC*, No. 2:14–cv–00160–MCE–AC, 2014 WL 5486676, at *1 (E.D. Cal. Oct. 29, 2014) (finding that the firm's investigation into the claims, interviews with consumers, filing of the action, and initial discovery supported appointment of the firm as interim class counsel). Prior to filing the complaint, Hodges & Foty, LLP "conducted extensive research into the COVID screening claims." (Foty Decl. ¶ 15.) This case was initiated in this Court about two years ago, and since then, Hodges & Foty, LLP has retained three experts, analyzed data produced by Defendant, and produced reports from Plaintiffs' experts identifying the off-the-clock time spent on COVID-19 screenings and potential damages. (*Id.*) In addition, Hodges & Foty, LLP successfully opposed Defendants' Motion

1  to Dismiss. (Docs. 28, 39.) Hodges & Foty, LLP has therefore done substantial work identifying or
2  investigating the claims.

3        Second, on the interrelated Rule 23(g)(1)(A) factors of counsel's experience in handling class
4  actions and knowledge of the applicable law, Hodges & Foty, LLP has experience handling class
5  actions and the types of claims asserted in this litigation. (See Foty Decl. ¶¶ 10–13.); (Hogg Decl. ¶
6  5.); *Haro*, 2023 WL 2242158, at *2 (finding that "Hodges & Foty, LLP has experience handling class
7  actions, other complex litigation, and most importantly, the types of claims asserted in this litigation"
8  in a similar off-the-clock COVID-19 screening wage and hour action). The declarations of Plaintiffs'
9  counsel demonstrate that counsel are knowledgeable of the law applicable to this case. *See, e.g., Razo*,
10 2021 WL 4847834, at *7 (finding counsel had sufficient knowledge and experience where the
11 attorneys had decades of litigation experience and the firm had successfully resolved nearly twenty
12 class actions); *Melgar*, 2014 WL 5486676, at *2 ("Given counsel's experience litigating not only high-
13 stakes class actions, but also actions concerning allegations very similar to those before the Court here,
14 Counsel has also demonstrated the requisite knowledge of the applicable law."). For instance, over the
15 past 15 years, Attorney Foty has obtained substantial experience litigating wage and hour matters,
16 including claims for compensation for working off-the-clock, has served as class counsel in about 100
17 wage and hour class and collective actions in various states, and has recovered, through settlement or
18 verdict, over $100,000,000 for his clients. (Foty Decl. ¶¶ 3–4.) Before forming Hodges & Foty, LLP,
19 Attorney Hodges served as lead counsel in hundreds of wage and hour cases, as well as complex
20 litigation cases, and has tried more than 25 cases to verdict in court or arbitration. (Hodges Decl. ¶ 5.)
21 Similarly, Attorney Hogg described exclusively working on plaintiff's work in the class and collective
22 action field for approximately the last six years, actively participating as plaintiff's counsel in many
23 class and collective actions that have achieved significant and beneficial results for the class, and
24 serving as plaintiff's lead counsel of record in another COVID-19 screening claim currently pending in
25 state court. (Hogg Decl. ¶¶ 3–5.) In addition to the experience and knowledge of individual counsel, it
26 is apparent that Hodges & Foty, LLP has familiarity with COVID-19 screening claims in the class
27 action context. (*See* Hogg Decl. ¶ 5 ("I am also plaintiff's counsel of record in a state law PAGA
28 action involving claims for compensation for pre-shift COVID screenings against Walmart, Haro, et

al. v. Walmart, Inc., Case No. 22CV008823, currently pending in the Superior Court of California, County of Alameda. That case seeks the recover civil penalties pursuant to PAGA on behalf of the State of California and the Aggrieved Employees related to Walmart's alleged failure to properly compensate its non-exempt employees in California for time spent in COVID-19 screening related activities before clocking in for their shifts."); Doc. 62 at 2 ("In addition to this case, Plaintiffs' Counsel is currently litigating five other class and/or collective actions seeking compensation for the time spent by workers in pre-shift COVID screenings, including three other actions against Amazon.")).

Finally, Hodges & Foty, LLP is a well-established, reputable firm that can commit the requisite resources to doing so. (See Foty Decl. ¶ 14 ("As proven by its prior experience and the firm's history handling complex legal matters, H&F can devote substantial resources to representing the Class Members."); Hodges Decl. ¶ 7 (Hodges & Foty, LLP is "a firm devoted to wage and hour cases and complex litigation."); Doc. 62 at 17-18.) Counsel have invested significant time and resources gathering evidence and litigating on behalf of their clients in this case, which will allow the firm to efficiently litigate this matter through the remainder of the proceedings. *See Haro,* 2023 WL 2242158, at *3 (finding Hodges & Foty, LLP is a "well-established, reputable firm that is up to the task of handling the challenges of this litigation and is capable of committing the requisite resources to doing so."); *Razo*, 2021 WL 4847834, at *7 ("Plaintiff's counsel has already invested resources and significant time in gathering evidence for the class members and submit that they are consulting with an expert… Counsel voices an eagerness to safeguard the rights of approximately 12,600 absent class members…"); *Melgar*, 2014 WL 5486676, at *1–2.

Based on the foregoing, the undersigned recommends that Plaintiffs' Motion for Appointment of Interim Class Counsel (Doc. 62) be granted and that Hodges & Foty, LLP be appointed as interim counsel for the putative class in this case. *See Haro*, 2023 WL 2242158, at *2-3 (recommending appointment of Hodges & Foty, LLP based upon their work in investigating and litigation claims, knowledge, experience, and ability to litigate the matter); *Razo*, 2021 WL 4847834, at *7 (recommending appointment of interim class counsel based on counsel's experience, knowledge, and commitment to representing the class); *Olosoni*, 2019 WL 7576680, at *6 (agreeing designation as

interim lead counsel was appropriate given the firm's "work on the case so far, its expertise drawn from work on similar complex consumer class action cases, and its ability to continue representation in this case.").

## V. CONCLUSION

Accordingly, the undersigned RECOMMENDS that Plaintiffs' motion to appoint interim class counsel (Doc. 62), Hodges & Foty, LLP, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within twenty-one (21) days after being served with these Findings and Recommendation, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 30, 2023**          /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE