MATTHEW S. PARMET, SBN 296742
  matt@parmet.law
PARMET PC
340 S. Lemon Ave., #1228
Walnut, CA 91789
Telephone:  713.999.5228
Facsimile:  713.999.1187

Local Counsel for Plaintiffs Boone and Rivera


MICHAEL NOURMAND, SBN 198439
  mnourmand@nourmandlawfirm.com
JAMES A. DE SARIO, SBN 262552
  jdesario@nourmandlawfirm.com
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard
Beverly Hills, CA 90211
Telephone:  310.553.3600
Facsimile:  310.553.3603

Attorneys for Plaintiff Barrera

*DON J. FOTY
  dfoty@hftrialfirm.com
*DAVID W. HODGES
  dhodges@hftrialfirm.com
HODGES & FOTY, LLP
2 Greenway Plaza, Suite 250
Houston, TX 77046
Telephone:  713.523.0001
Facsimile:  713.523.1116

Attorneys for Plaintiffs Boone and Rivera

* Admitted pro hac vice

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| HEATHER BOONE and ROXANNE RIVERA, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>CRISTIAN BARRERA, individually,<br><br>                Plaintiff,<br><br>    v.<br><br>AMAZON.COM SERVICES, LLC,<br><br>Defendant. | Case No. 1:21-CV-00241-NODJ-BAM – LEAD<br>Case No. 1:22-CV-00146-NODJ-BAM-MEMBER<br><br>**THIRD AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) Failure to Pay for All Wages (Labor Code §§ 204, 1194, 1194.2, 1197, 1197.1, 1198);<br>(2) Failure to Pay Overtime Wages (Labor Code §§ 510, 558, and IWC Wage Order 42001);<br>(3) Failure to Provide Timely and Accurate Itemized Wage Statements (Labor Code § 226);<br>(4) Failure to Provide Wages Upon Separation of Employment (Labor Code §§ 201-203);<br>(5) Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 *et seq.*); |

(6) Failure to Pay Overtime (29 U.S.C. § 207);
(7) Private Attorneys General Act (Labor Code § 2699(a)); and
(8) Private Attorneys General Act (Labor Code § 2699(f).

**DEMAND FOR JURY TRIAL**

**PLAINTIFFS' THIRD AMENDED CLASS ACTION AND PAGA ACTION COMPLAINT AND JURY DEMAND[1]**

## I.     INTRODUCTION

1.      This is a class action and Private Attorneys General Act ("PAGA") lawsuit brought by Plaintiffs Heather Boone and Roxanne Rivera ("Plaintiffs"), on behalf of themselves, Class Members, Aggrieved Employees, and the State of California. Defendant Amazon.com Services, LLC ("Amazon") implemented an illegal policy requiring its non-exempt workers to undergo a COVID-19 screening each shift without pay. This physical and medical examination constitutes compensable time that was worked by the Plaintiffs, Class Members, and the Aggrieved Employees. By failing to pay for this time worked, Amazon has violated California and Federal law. In addition to the Plaintiffs, Amazon has failed to pay for the time spent undergoing COVID-19 screenings by thousands of other workers nationwide.

2.      Amazon's conduct violates the state laws of California because Amazon failed to pay for all hours worked by its employees, failed to pay overtime wages, and failed to provide itemized wage statements as required by the California Labor Code and California Industrial Wage Commission Wage Orders. Plaintiffs bring this lawsuit as a Rule 23 Class Action under California law. Members of the Class Action are referred to as "Class Members."

3.      Plaintiffs also files this action to recover civil penalties on behalf of the State of California and Aggrieved Employees under Labor Code § 2699. Plaintiff seeks to remedy the sweeping practices Defendant has integrated into its time tracking, payroll, and COVID-19 screening policies across their warehouses throughout California that have deprived Plaintiffs and Class Members of their lawfully-earned wages. The individuals for whom Plaintiffs seek to recover such civil penalties pursuant to the PAGA are hereinafter referred to as "Aggrieved Employees."

4.      Amazon's conduct also violates the Fair Labor Standards Act ("FLSA"), which requires non-exempt employees to be compensated for all hours worked in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a).

---

[1] This Complaint is being filed with the consent of Defendant pursuant to Rule 15(a)(2). Fed. R. Civ. P. 15(a)(2).

## II.     JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. §§ 201, *et seq.* The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

6.     Venue is proper in the Eastern District of California because a substantial portion of the events forming the basis of this suit occurred in the Eastern District of California. Plaintiffs worked in the Eastern District of California and were denied wages in this district.

7.     Plaintiff Boone works and lives in Fresno County, California. Thus, a substantial part of the events or omission which give rise to the claims occurred in Fresno County and this action is properly assigned to the Fresno Division of the Eastern District of California.

8.     Amazon is subject to personal jurisdiction before this Court because it has purposefully availed itself of the privileges of conducting activities in the State of California and established minimum contacts sufficient to confer jurisdiction. Amazon does business in California, advertises in California, markets to California consumers, and the violations of the law forming the basis of this lawsuit occurred in California. Further, Amazon maintains offices in California and employs California residents. Therefore, the assumption of jurisdiction over Amazon will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Amazon also had and continues to have continuous and systematic contacts with the State of California sufficient to establish general jurisdiction over it.

9.     This Court is empowered to issue a declaratory judgment and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III.     PARTIES AND PERSONAL JURISDICTION

10.     Plaintiff Heather Boone is an individual residing in Kerman, California. Plaintiff's written consent to this action was previously filed with the Court.

11.     Plaintiff Roxanne Rivera is an individual residing in Atwater, California. Plaintiff's written consent to this action was previously filed with the Court.

12.     The "Class Members" are all current and former hourly paid employees of Amazon

who underwent a COVID-19 screening during at least one week in California in the four-year period before the filing of the Original Complaint until final resolution of this Action.

13.     The "Aggrieved Employees" are all current and former hourly paid employees of Amazon who underwent a COVID-19 screening during at least one week in California in the one-year-and-65-day period before the filing of the Original Complaint (i.e., December 20, 2019) until final resolution of this Action. On February 24, 2021, Plaintiffs timely submitted notice to the Labor and Workforce Development Agency ("LWDA") of their intent to seek PAGA claims on behalf of the State of California and the Aggrieved Employees, and duly served Amazon with such notice.

14.     Defendant Amazon.com Services, LLC is a Delaware limited liability company that does business in California.  Amazon was previously served and has made an appearance in this case.

15.     At all material times, Amazon was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiffs, Class Members, and Aggrieved Employees.

16.     At all material times, Amazon has been governed by and subject to the FLSA, 29 U.S.C. § 207.

17.     At all material times, Amazon has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

18.     At all material times, Amazon has been an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

19.     At all material times, Amazon has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA because Amazon has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20.     At all material times, the unlawful conduct against Plaintiffs, Class Members, and Aggrieved Employees as described in this Complaint was actuated, in whole or in part, by a purpose to serve Amazon. At all relevant times, the unlawful conduct described in this Complaint was reasonably foreseeable by Amazon and committed under actual or apparent authority granted by Amazon such that all unlawful conduct is legally attributable to Amazon.

21.     At all material times, Amazon has had an annual gross business volume of not less than

$500,000.

## IV.   FACTS

22.    The novel Coronavirus has infected nearly 54 million Americans and caused the deaths of approximately 822,000 Americans. (*See* https://coronavirus.jhu.edu/map.html, last visited Dec. 29, 2021). Following the outbreak of the Coronavirus, Amazon implemented a company-wide policy requiring each of its hourly, non-exempt employees to undergo a physical and medical examination to check for symptoms of the Coronavirus each shift. This examination was imposed by Amazon as a requirement to work each shift. The examination was conducted on the premises of Amazon, was required by Amazon, and was necessary for each employee to perform his/her work for Amazon. Unfortunately, Amazon refused to pay for this time. Amazon's conduct violates both California law and the FLSA. This illegal conduct continues to this day.

23.    Amazon operates fulfillment centers across California and across the country. The Amazon Fulfillment Centers are large warehouses that operate 24 hours per day. The fulfillment centers are the warehouses where Amazon stores the packages that are delivered to customers. Hundreds of Amazon employees work at each of these centers across the U.S.

24.    Plaintiff Boone worked for Amazon as an hourly, non-exempt employee at the Amazon facility in Fresno, California. She worked as a fulfillment center associate. Her hourly rate was approximately $15.45 per hour. Her job duties included gathering packages from the Amazon warehouse, scanning them, placing them in boxes, and labelling the items. She started with Amazon in June 2018 and stopped working in July 2020. She normally worked four days per week and her normal shift was eight-to-ten hours on average. Specifically, she was normally required to work Monday, Tuesday, Thursday, Friday from 7:45 am to 5:45 pm There were weeks when she was required to work mandatory overtime of over 40 hours per week. For example, during the first and second weeks of May 2020, she worked overtime. She worked with hundreds of other Amazon workers.

25.    Plaintiff Rivera worked for Amazon as an hourly, non-exempt employee. She worked at the fulfillment centers for Amazon in Patterson, California and Tracy, California. Her hourly rate was approximately $15.25 per hour and her job position was fulfillment center associate. Her job

duties at the Tracy location included gathering items from the shelves in the warehouses and putting the items in carts. At the Patterson location, her job duties included gathering items and placing them in the right location in the warehouse. She worked for Amazon at the Patterson location from November 2018 to January 2019. She worked for Amazon at the Tracy location from May 2020 to October 2020. Her normal schedule was approximately 6 pm to 5 am, and she worked a rotation that was four days straight followed by three days off. Under this schedule, she worked a rotation where she was required to work mandatory overtime of over 40 hours per week. She worked with hundreds of other Amazon workers.

26. Certain other individuals ("Opt-In Plaintiffs") have also opted to join this lawsuit as plaintiffs with respect to the FLSA claim and have filed notices to that effect.

## COVID-19 SCREENING

27. As hourly, non-exempt employees, Plaintiffs were required to clock-in and clock-out each day. Unfortunately, Amazon did not pay for all hours that they worked. Prior to clocking in each day, Plaintiffs were required to undergo a physical and medical examination to screen for COVID-19.

28. Amazon requires its employees to arrive at its fulfillment centers prior to the start of their scheduled shifts. However, when employees of Amazon arrive, they are not allowed to clock-in for the day until they pass a physical and medical examination to screen for symptoms of COVID-19.

29. Amazon employed two processes to perform the physical and medical examination. For example, at the Tracy location, the Amazon employees will approach a security booth. At this checkpoint, the Amazon employee swipes his/her employee badge to confirm that he/she is an active employee of Amazon. The employee is then asked a series of questions such as (1) whether he/she has been exposed to others who have COVID-19, (2) whether he/she currently has symptoms of COVID-19, such as a runny nose or shortness of breath, and (3) whether he/she has a face mask to wear. If the employee does not have a face mask, the employee is provided a face mask at this time.

30. If the employee successfully clears this first examination, the employee then walks to a second checkpoint. At the second checkpoint, the employee is subject to a body temperature scan

to determine whether the employee has a fever. If the employee passes this second medical examination, the employee is then allowed to walk to the time clock to clock-in for the day.

31.     The second method that Amazon used did not involve the use of a body scanner. For example, at the Fresno location, the Amazon employees were required to form a line in the entrance to the facility. Then the Amazon employees were called one-by-one to a checkpoint where the COVID-19 screening took place. The screening process involves another employee of Amazon taking the temperature of each employee whose shift is about to start and asking a series of questions related to their health condition, such as whether they had trouble breathing, were coughing, had a runny nose, chest pain, and other questions regarding their health. They were also asked questions such as (1) whether the employee has travelled recently, (2) whether the employee was exposed to someone with COVID-19, and (3) other similar questions. If the employee passes the examination, he/she is then given a mask to wear. After putting on the mask, the employee walks to the next station where the employee is allowed to clock-in for the day.

32.     If an employee does not initially pass the physical and medical examination, the employee is moved to another section where a second examination occurs. The employee is then asked a series of follow-up questions to identify whether the worker currently has symptoms of COVID-19 and poses a potential health hazard to the store. If the employee passes the second examination, the employee is then given a face mask and is allowed to clock-in for the day. If not, the employee is not permitted to work that day.

33.     The amount of time it takes to undergo the COVID-19 examination is approximately 10 minutes to 15 minutes on average. This amount of time could be longer depending upon the number of other Amazon employees in line for the COVID-19 screening.

34.     This COVID-19 screening should have been paid by Amazon because it constitutes compensable time worked. During this time, Plaintiffs, Class Members, and Aggrieved Employees were subject to the control of Amazon.

35.     Plaintiffs, Class Members, and Aggrieved Employees were required to follow Amazon's instructions while awaiting and during the COVID-19 screening. Amazon required every employee to complete the COVID-19 screening and it was not optional. Indeed, the COVID-19

screening was required by Amazon and its employees must comply under threat of discipline, including possible termination.

36.     Additionally, Plaintiffs, Class Members, and Aggrieved Employees wee confined to the premises of Amazon when they waited for and during the examinations.

37.     Moreover, Amazon compels its employees to perform specific tasks during the examinations. They must answer questions, submit to have their temperature taken, and wear masks.

38.     In other words, Amazon directs, commands, and restrains its employees during the COVID-19 examinations; prevents them from using that time effectively for their own purposes; and they remain subject to Amazon's control during the examinations.

39.     Under California law, the time spent undergoing the COVID-19 screening is compensable time that should have been paid by Amazon. *See Frlekin v. Apple, Inc.*, 8 Cal 5th 1038, 457 P.3d 526 (Cal. 2020).

40.     Likewise, under the FLSA, the time spent undergoing the COVID-19 screening is compensable time that should have been paid by Amazon. The COVID-19 screenings were required by Amazon, and Plaintiffs and the Class Members were told in advance the time they were required to be at the Amazon facilities.

41.     The COVID-19 screenings were also necessary to the principal work performed by the Plaintiffs and Class Members and were necessary to ensure a safe workplace. The COVID-19 examinations were also undertaken on Amazon's premises, were controlled and required by Amazon, and undertaken primarily for the benefit of Amazon.

42.     Indeed, Amazon required Plaintiffs, Class Members, and the Aggrieved Employees to under this screening for the purposes of overall safety in the Amazon facilities and to prevent the Plaintiffs, Class Members, and Aggrieved Employees from inadvertently and unintentionally infecting the Amazon facilities or Amazon products, and in turn, Amazon's customers. Likewise, the job duty of the Plaintiffs, Class Members, and Aggrieved Employees was to serve the customers of Amazon and the screening was necessary to ensure that Plaintiffs, Class Members, and Aggrieved Employees safely provide that service.

43.     The COVID-19 examinations were necessary to ensure that the virus did not infect the

Amazon facilities or customers. The examinations were also necessary to ensure that the virus did not disrupt the work performed by the Plaintiffs, Class Members, and Aggrieved Employees or affect the business operations of Amazon. If Amazon did not have the COVID-19 screening, workers could inadvertently or unintentionally bring the virus into the Amazon facilities causing a mass breakout of the virus infecting hundreds to thousands of other workers of Amazon.

44.     The COVID-19 screenings were integral and indispensable to the principal activity and primary job duty performed by the Plaintiffs, Class Members, and Aggrieved Employees, which was to serve and assist Amazon customers. The COVID-19 screenings were necessary for the Plaintiffs, Class Members, and Aggrieved Employees to perform their primary job duty for Amazon. If Amazon cancelled the COVID-19 screening, the Amazon facilities could get contaminated with the virus, the items that Amazon sold could get contaminated with the virus, the customers could get infected, and other employees of Amazon could get infected. In that event, Amazon's business would be disrupted and the Plaintiffs, Class Members, and Aggrieved Employees would not be able to do their work. Therefore, the COVID-19 screenings were necessary to ensure that the Plaintiffs, Class Members, and Aggrieved Employees could do their jobs for Amazon.

45.     The Department of Labor has issued regulations stating that physical and health examinations, like the COVID-19 examinations, constitute time that should be paid for by employers. *See* 29 C.F.R. § 785.43.

> In an opinion letter, the Department of Labor has further stated as follows: Time spent undergoing a physical examination is time during which the employee's freedom of movement is restricted for the purpose of serving the employer and time during which the employee is subject to the employer's discretion and control. It is immaterial whether the time spent in undergoing the required physical examination is during the employee's normal working hours or during nonworking hours. The physical examination is an essential requirement of the job and thus primarily for the benefit of the employer. **Therefore, it is our opinion that the time so spent must be counted as hours worked under the FLSA.**

DOL Wage and Hour Opinion Letter, January 26, 1998 (emphasis added).

46.     Thus, Amazon has violated both California and federal law by failing to pay for the time spent undergoing the COVID-19 examinations.

47.     In light of Amazon's conduct, Plaintiffs, Class Members, and Aggrieved Employees

are owed significant unpaid wages and penalties.

48.     Plaintiffs, Class Members, and Aggrieved Employees are and were non-exempt employees.

49.     Plaintiffs, Class Members, and Aggrieved Employees are paid on an hourly rate basis.

50.     When they worked more than eight hours in a day or forty hours in a workweek, they were entitled to overtime pay.

51.     The COVID-19 screenings identified above were not incidental activities for the Plaintiffs, Class Members, and Aggrieved Employees, but instead, this time was integral and indispensable to their principal activity and is compensable.

52.     Although Amazon employs electronic "clocking-in" technology, this technology was not made accessible to Plaintiffs, Class Members, or Aggrieved Employees before the COVID-19 screenings.

53.     As a result of Amazon's company-wide policies, Plaintiffs, Class Members, and Aggrieved Employees were not paid for all time worked each day and are owed significant unpaid wages.

54.     Amazon's method of paying Plaintiffs, Class Members, and Aggrieved Employees in violation of the FLSA and California law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Amazon knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

55.     Plaintiffs provided the Labor and Workforce Development Agency ("LWDA") with notice of their intention to file claims pursuant to PAGA on February 24, 2021. More than sixty-five (65) calendar days have passed without notice from the LWDA. Plaintiffs have therefore satisfied the administrative prerequisites to commence a civil action under the PAGA in compliance with Labor Code § 2699.3(a).

## V.     CALIFORNIA CLASS ALLEGATIONS

56.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Class, which is comprised of:

**All current and former hourly paid employees of Amazon who**

**underwent a COVID-19 screening during at least one week in California in the four-year period before the filing of the Original Complaint to final resolution of this Action.**

57.    <u>Numerosity</u>:  The number of members in the California Class is believed to exceed forty (40) and in fact, is likely to be in the thousands. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the California Class will be determined from Amazon's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the California Class and Amazon.

58.    <u>Typicality</u>:  Plaintiffs' claims are typical of the California Class because like the members of the California Class, Plaintiffs were subject to Amazon's uniform policies and practices and were compensated in the same manner as others in the California Class. Amazon failed to pay the California Class Members for all hours they worked. Additionally, members of the California Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as non-exempt employees. Moreover, the California Class Members each received wage statements that failed to comply with California law. Thus, Plaintiffs and the California Class have been uncompensated and/or under-compensated as a result of Amazon's common policies and practices which failed to comply with California law. As such, Plaintiffs' claims are typical of the claims o f the California Class. Plaintiffs and all members of the California Class sustained damages arising out of and caused by Amazon's common course of conduct in violation of law as alleged herein.

59.    <u>Adequacy</u>:  Plaintiffs are representative parties who will fairly and adequately protect the interests of the California Class because it is in their interest to effectively prosecute the claims herein alleged in order to obtain the unpaid wages and penalties required under California law. Plaintiffs have retained attorneys who are competent in both class actions and wage-and-hour litigation. Plaintiffs do not have any interest which may be contrary to or in conflict with the claims of the California Class they seek to represent.

60.    <u>Commonality</u>:  Common issues of fact and law predominate over any individual

questions in this matter. The common issues of fact and law include, but are not limited to:

    a.  Whether Plaintiffs and the California Class are entitled to compensation for the time spent in the COVID-19 screenings;

    b.  The amount of time spent in the COVID-19 screenings;

    c.  Whether Plaintiffs and the California Class worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

    d.  Whether Amazon failed to pay Plaintiffs and the California Class wages for all hours worked;

    e.  Whether Amazon failed to keep accurate records of employees' hours of work, hourly wages, and hourly rates, and failed to timely furnish each Class Member with a statement accurately showing the total number of hours worked, hourly rates, and wages earned each pay period;

    f.  Whether Amazon failed to timely pay employees unpaid wages and overtime due upon their separation from employment with Amazon;

    g.  Whether Plaintiffs and the California Class are entitled to compensatory damages;

    h.  The proper measure of damages sustained by Plaintiffs and the California Class; and

    i.  Whether Amazon's actions were "willful."

61.    <u>Superiority</u>:  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the California Class could afford to pursue individual litigation against a company the size of Amazon, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Amazon.

62.    A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court. By concentrating this litigation in one forum, judicial economy and

parity among the claims of individual California Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. Notice of the pendency and any resolution of this action can be provided to the California Class by mail, electronic mail, text message, print, broadcast, internet and/or multimedia publication. The identity of the members of the California Class is readily identifiable from Amazon's records.

63.     This type of case is well-suited for class action treatment because: (1) Amazon's practices, policies, and/or procedures were uniform; (2) the burden is on Amazon to prove it properly compensated its employees including any potential exemptions that might apply; and (3) the burden is on Amazon to accurately record hours worked by employees. Ultimately, a class action is a superior form to resolve the California claims detailed herein because of the common nucleus of operative facts centered on the continued failure of Amazon to pay Plaintiffs and the California Class per applicable California laws.

**VI.   CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**
**Failure to Pay for All Hours Worked**
**(Violation of Cal. Lab. Code §§ 204, 1194, 1194.2, 1197, 1197.1, 1198)**
**On Behalf of Plaintiffs and the California Class**

64.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

65.     At all relevant times, Amazon was required to compensate its hourly-non-exempt employees in California for all hours worked pursuant to the Industrial Welfare Commission Orders and California Labor Code §§ 204, 1194, 1194.2, 1197, 1197.1, and 1198.

66.     Specifically, California law requires employers to pay their employees a minimum wage for all hours worked, which is defined as the "time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." *Frlekin v. Apple, Inc.*, 8 Cal. 5th 1038, 457 P.3d 526 (Cal. 2020). Section 4 of the applicable Industrial Welfare Commission Order requires Amazon to pay non-exempt employees at least at the minimum wage set forth therein for all hours worked, which consists of all hours that an employer has actual or constructive knowledge that employees are working.

67.     Amazon failed to compensate the Plaintiffs and the California Class Members for all hours that they worked. As noted above, Plaintiffs and the California Class Members were not paid for the time they spent in the COVID-19 screenings. As a result, Plaintiffs and California Class Members are entitled to compensation for all hours worked, but not paid, during the statutory period covered by this lawsuit. Plaintiffs and California Class Members are also entitled to reasonable attorneys' fees, interest, and costs of suit, and the relief requested below in the Prayer for Relief.

68.     The California Class Members, including Plaintiffs, have been deprived of their rightfully earned wages as a direct and proximate result of Amazon's company-wide policies and practices.

69.     Amazon has knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the California Class for all wages earned and all hours worked, in violation of California law. As a direct result, Plaintiffs and the California Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages.

70.     Amazon regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by California Labor Code §§ 226 and 1174, with respect to Plaintiffs and California Class Members. Through this unlawful course of conduct, Amazon has deprived and continues to deprive Plaintiffs and California Class Members of records necessary to calculate with precision the compensation due to them.

71.     Wherefore, Plaintiffs and the California Class request relief as hereinafter provided.

**SECOND CLAIM FOR RELIEF**
**Failure to Pay Overtime**
**(Wage Order No. 4-2001; California Labor Code §§ 510, 558, 1194)**
**On Behalf of Plaintiffs and the California Class**

72.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

73.     At all relevant times, Amazon was required to compensate its non-exempt employees for all hours worked. Amazon was also required to compensate all of its employees for all overtime worked, at one-and-a-half times their regular rates of pay for hours worked more than eight (8) hours per day or forty (40) hours per workweek, and double-time for hours worked more than twelve (12)

hours per day. Amazon was also required to pay one-and-a-half times the regular rate for the first eight (8) hours worked on the seventh day of a workweek.

74.     At all relevant times, Amazon operated under and continues to operate under a common policy and plan of willfully, regularly, and repeatedly failing and refusing to pay Plaintiffs and the California Class Members for overtime at the rates required by California Labor Code § 510 and Wage Order No. 4-2001.

75.     Amazon knew or clearly should have known that Plaintiffs and the California Class Members were entitled to compensation for the time they spent in the COVID-19 screenings.

76.     Amazon routinely required Plaintiffs and the California Class Members to work more than eight (8) hours per day or forty (40) hours per workweek. Despite the provisions of California's overtime law, Amazon has willfully failed and refused to pay the California Class, including Plaintiffs, overtime wages during the statutory period covered by this lawsuit.

77.     The California Class Members, including Plaintiffs, have been deprived of their rightfully earned overtime wages as a direct and proximate result of Amazon's company-wide policies and procedures.

78.     Amazon regularly, willfully, and repeatedly failed and continues to fail to make, keep, and preserve accurate time records required by California Labor Code §§ 226 and 1174, with respect to Plaintiffs and the California Class Members. Through this unlawful course of conduct, Amazon has deprived and continues to deprive Plaintiffs and the California Class Members of records necessary to calculate with precision the overtime compensation due to them.

79.     Amazon's conduct violates California Labor Code §§ 510 and 1194. Therefore, pursuant to California Labor Code § 1194, the California Class, including Plaintiffs, are entitled to recover, and seek to recover, damages for the nonpayment of overtime wages for all overtime hours worked in excess of eight (8) hours per day, in excess of forty (40) hours per workweek, for the first eight (8) hours worked on the seventh day of a workweek, and double-time pay for the hours worked in excess of twelve (12) in a day in addition to interest on such amount, plus reasonable attorneys' fees, interest, and costs of suit, and the relief requested below in the Prayer for Relief.

80.     Wherefore, Plaintiffs and California Class request relief as hereinafter provided.

### THIRD CLAIM FOR RELIEF
**Failure to Furnish Wage Statements**
**(California Labor Code § 226)**
**On Behalf of Plaintiffs and the California Class**

81.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

82.     Amazon knowingly and intentionally failed to furnish and continues to fail to furnish to Plaintiffs and each California Class Member with timely, itemized wage statements that accurately reflect—among other things—the total number of hours worked, hourly rates, and wages earned, as mandated by California Labor Code § 226(a), which requires employers, semi-monthly or at the time of each payment of wages, to furnish each employee with a statement that accurately reflects the total number of hours worked, correct hourly rates, and wages due.

83.     As a result, Amazon is liable to Plaintiffs and each of the California Class Members for the amounts provided by California Labor Code § 226(e): the greater of actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

84.     Plaintiffs and the California Class are also entitled to reasonable attorneys' fees, interest, and costs pursuant to California Labor Code § 226(e).

85.     Wherefore, Plaintiffs and California Class request relief as hereinafter provided.

### FOURTH CLAIM FOR RELIEF
**Failure to Pay All Wages Upon Separation from Employment**
**(California Labor Code §§ 201, 202, 203, 218)**
**On Behalf of Plaintiffs and the California Class**

86.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

87.     California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

88.     Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

89.     During all relevant times, Amazon knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiffs and members of the California Class who are no longer employed by Amazon all wages owed as alleged herein. Amazon is therefore liable to Plaintiffs and members of the California Class who are no longer employed by Amazon for waiting time penalties as required by California Labor Code §§ 203 and 218.

90.     Plaintiffs, on behalf of themselves and on behalf of the members of the California Class who are no longer employed by Amazon, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

91.     Wherefore, Plaintiffs and the California Class request relief as hereinafter provided.

### FIFTH CLAIM FOR RELIEF
**Unlawful and/or Unfair Competition Law Violations**
**(California Business & Professions Code §§ 17200-17208)**
**On Behalf of Plaintiffs and the California Class**

92.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

93.     California Business & Professions Code § 17200 *et seq*. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

94.     Plaintiffs bring this cause of action on behalf of themselves and as representatives of all others subject to Amazon's unlawful acts and practices.

95.     During all relevant times, Amazon committed unlawful, unfair, deceptive, and/or fraudulent acts as defined by California Business & Professions Code § 17200. Amazon's unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, failing to pay for all hours worked, failing to pay all overtime wages, failing to provide itemized wage statements, and failing to pay all wages upon termination in violation of California law, as described throughout this Complaint.

96.     As a result of this unlawful and/or unfair and/or fraudulent business practice, Amazon reaped unfair benefits and illegal profits at the expense of Plaintiffs and the California Class. Amazon must disgorge these ill-gotten gains and restore to Plaintiffs and the California Class all wrongfully withheld wages, including, but not limited to minimum wages and overtime compensation, interest

on these wages, and all other injunctive and preventive relief authorized by Business & Professions Code §§ 17202 and 17203.

97.     Plaintiffs, on behalf of themselves and the members of the California Class, respectfully request that judgment be awarded in their favor to provide restitution and interest, and the relief requested below in the Prayer for Relief.

98.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SIXTH CLAIM FOR RELIEF**
**Failure to Pay Overtime**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**
**On Behalf of Plaintiffs Boone, Rivera and the Opt-In Plaintiffs**

99.     Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

100.    At all relevant times, Amazon has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Amazon has employed and continues to employ, employees, including Plaintiffs Boone and Rivera, and the Opt-In Plaintiffs, as defined by the FLSA. At all relevant times, Amazon has had gross operating revenues in excess of $500,000.

101.    The FLSA requires each covered employer, such as Amazon, to compensate all non-exempt employees at a rate of not less than one-and-a-half times their regular rate of pay for work performed in excess of forty (40) hours in a workweek.

102.    Plaintiffs Boone and Rivera and the Opt-In Plaintiffs were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

103.    At all relevant times, Amazon required and/or permitted Plaintiffs Boone and Rivera and the Opt-In Plaintiffs to work in excess of forty (40) hours per workweek. Despite the hours worked by them, Amazon willfully, in bad faith, and knowingly violated the FLSA, failed and refused to pay Plaintiffs Boone and Rivera and the Opt-In Plaintiffs the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek. Plaintiffs Boone and Rivera and the Opt-In Plaintiffs were not paid the full amount of overtime wages due under the FLSA

as a result of Amazon's failure and refusal to classify the time spent in the COVID-19 screenings as compensable time. Plaintiffs Boone and Rivera and the Opt-In Plaintiffs were also not paid the full amount of overtime wages due under the FLSA as a result of Amazon's failure and refusal to include all remuneration in the calculation of the regular rate of pay for purposes of paying overtime wages. By failing to compensate Plaintiffs Boone and Rivera and the Opt-In Plaintiffs at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Amazon has violated the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. § 207(a).

104.     Plaintiffs Boone and Rivera and the Opt-In Plaintiffs seek recovery of their damages, unpaid wages, unpaid overtime pay, liquidated damages, attorneys' fees, costs and expenses.

105.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

106.     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**SEVENTH CLAIM FOR RELIEF**
**Civil Penalties Pursuant to Labor Code § 2699(a)**
**On behalf of the State of California and Aggrieved Employees**

107.     Plaintiffs incorporates all preceding paragraphs as though fully set forth herein.

108.     Labor Code § 2699(a) provides:

Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

109.     Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all

deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

110.    Labor Code § 226.3 provides:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake.

111.    Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

112.    Labor Code § 203(a) provides as follows:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents themselves to avoid payment to them, or who refuses to receive the payment when fully tendered to them, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which the employee so avoids payment.

113.    IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

114.    Amazon requires Plaintiffs and Aggrieved Employees to work off-the-clock without compensation during time spent in COVID-19 screenings.  In other words, Plaintiffs and Aggrieved Employees are forced to perform work for the benefit of Amazon without compensation.

115.    In violation of California law, Amazon knowingly and willfully refuses to perform its obligations to provide Plaintiffs and Aggrieved Employees with compensation for all time worked. Amazon regularly fails to track all of the time Plaintiffs and Aggrieved Employees actually work or to compensate them for all hours worked.

116.    Amazon committed, and continues to commit, the acts alleged herein in conscious disregard of the Plaintiffs and the Aggrieved Employees' rights. Plaintiffs and Aggrieved Employees are thus entitled to recover penalties, attorneys' fees, and costs of suit.

117.    Amazon has maintained policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiffs and Aggrieved Employees frequently work time off-the-clock and for which they are uncompensated during time spent in COVID-19 screenings.

118.    Plaintiffs seek civil penalties pursuant to Labor Code § 2699(a) on behalf of the State and Aggrieved Employees for each failure by Amazon, as alleged above, to timely pay all wages owed to Plaintiffs and Aggrieved Employees in compliance with Labor Code §§ 201-202 in the amounts established by Labor Code § 203. Plaintiffs seek such penalties as an alternative to the penalties available under Labor Code § 203, as prayed for herein.

119.    Plaintiffs seek civil penalties pursuant to Labor Code § 2699(a) on behalf of the State and Aggrieved Employees for each failure by Amazon, as alleged above, to timely pay overtime wages owed to Plaintiffs and Aggrieved Employees in compliance with Labor Code § 558. Plaintiffs seek such penalties in addition to the compensatory damages and/or other statutory penalties available under Labor Code § 558, as prayed for herein.

120.    Plaintiffs also seeks civil penalties pursuant to Labor Code § 2699(a) on behalf of the State and Aggrieved Employees for each failure by Amazon, alleged above, to provide Plaintiffs and Aggrieved Employees an accurate, itemized wage statement in compliance with Labor Code §

226(a) in the amounts established by Labor Code § 226(e).  Plaintiffs seeks such penalties as an alternative to the penalties available under Labor Code § 226(e), as prayed for herein.

121.    Plaintiffs also seeks civil penalties pursuant to Sections 225.5, 226.3, and 256 of the California Labor Code.

122.    Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiffs provided the Labor and Workforce Development Agency ("LWDA") with notice of their intention to file this claim on February 24, 2021.  Sixty-five calendar days have passed without notice from the LWDA.  Plaintiffs satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

123.    Plaintiffs seek the aforementioned penalties on behalf of the State of California, other Aggrieved Employees, and themselves, as set forth in Labor Code § 2699(g)(i).

124.    Amazon is liable to Plaintiffs, Aggrieved Employees, and the State of California for the civil penalties set forth in this Complaint. Plaintiffs are also entitled to an award of attorneys' fees and costs as set forth below.

125.    Wherefore, Plaintiffs and the Aggrieved Employees request relief as hereinafter provided.

### EIGHTH CLAIM FOR RELIEF
**Penalties Pursuant to Labor Code § 2699(f)**
**On behalf of the State of California and Aggrieved Employees**

126.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

127.    Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

128.    To the extent than any violation of the California Labor Code alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiffs seek civil penalties pursuant to Labor Code

§ 2699(f) for themselves and Aggrieved Employees for each pay period in which he or she was aggrieved, in the amounts established by Labor Code § 2699(f) and other underlying Labor Code violations, including but not limited to violations of Labor Code § 204.

129.    Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiffs have provided the LWDA with notice of their intention to file this claim on February 24, 2021. Sixty-five calendar days have passed without notice from the LWDA. Plaintiffs satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

130.    Plaintiffs seek the aforementioned penalties on behalf of the State, other Aggrieved Employees, and themselves as set forth in Labor Code § 2699(g)(i).

131.    Labor Code § 2699(f)(2) provides a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation of a Labor Code provision that does not provide a civil penalty if, at the time of the violation, the employer employs one or more employees. Labor Code § 2699(f)(2) provides a civil penalty of two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation of a Labor Code provision that does not provide a civil penalty if, at the time of the violation, the employer employs one or more employees.

132.    Plaintiffs seek to recover civil penalties from Amazon for its failure to pay for all hours worked in violation of Labor Code §§ 204, 510 throughout California on behalf of themselves, the State of California, and other Aggrieved Employees pursuant to Labor Code § 2699(f).

133.    Defendant is liable to Plaintiffs, Aggrieved Employees, and the State of California for the civil penalties set forth in this Complaint. Plaintiffs are also entitled to an award of attorneys' fees and costs as set forth below.

134.    Wherefore, Plaintiffs and the Aggrieved Employees request relief as hereinafter provided.

## VIII. **JURY DEMAND**

135.    Plaintiffs hereby demand trial by jury on all issues.

## IX.    **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves, the Class Members, Aggrieved Employees, and the State

of California, pray that the Court:

1.     Certify that this action may proceed as a collective action under 29 U.S.C. § 216(b) and class action under Fed. R. Civ. P. 23;

2.     Find that Amazon's policies and/or practices described above violate the FLSA and California law;

3.     Award damages, liquidated damages, restitution, and/or statutory penalties to be paid by Amazon for the causes of action alleged herein;

4.     Award interest, costs, and expenses, including reasonable attorneys' fees and expert fees;

5.     For an order awarding Plaintiff and Class Members civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

6.     For an order awarding civil penalties to the fullest extent provided for by the PAGA; and

7.     Order such other and further legal and equitable relief the Court deems just, necessary and proper.

Date: February 16, 2024                          Respectfully submitted,

/s/ Don J. Foty
Don J. Foty (*Pro Hac Vice*)
David W. Hodges (*Pro Hac Vice*)
HODGES & FOTY, LLP
2 Greenway Plaza, Suite 250
Houston, Texas 77046
Tel: (713) 523-0001; Fax: (713) 523-1116
dfoty@hftrialfirm.com
dhodges@hftrialfirm.com

Matthew S. Parmet (SBN 296742)
PARMET PC
340 South Lemon Avenue, Suite 1228
Walnut, California 91789
Tel: (713) 999-5228; Fax: (713) 999-1187
matt@parmet.law

-23-

THIRD AMENDED CLASS ACTION AND PAGA COMPLAINT AND DEMAND FOR JURY TRIAL
*Boone, et al. v. Amazon.com Services, LLC*, Case No. 1:21-cv-00241-NODJ-BAM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Counsel for Plaintiffs Boone and Rivera, Class Members, Aggrieved Employees, and the State of California*

Michael Nourmand (SBN 198439)
James A DeSario (SBN 262552)
THE NOURMAND LAW FIRM, APC
8822 West Olympic Boulevard
Beverly Hills, CA 90211
Telephone:  310.553.3600
Facsimile:  310.553.3603
mnourmand@nourmandlawfirm.com
 jdesario@nourmandlawfirm.com

*Counsel for Plaintiff Barrera*

## **CERTIFICATE OF SERVICE**

This is to certify that on February 16, 2024, a true and correct copy of the foregoing instrument was served via the Court's electronic filing system.

/s/ Don J. Foty
Don J. Foty

---

THIRD AMENDED CLASS ACTION AND PAGA COMPLAINT AND DEMAND FOR JURY TRIAL
*Boone, et al. v. Amazon.com Services, LLC*, Case No. 1:21-cv-00241-NODJ-BAM